**STATE of Missouri, Respondent,**

v.

**James Eric MANSFIELD, Appellant.**

**James Eric MANSFIELD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 47692, WD 49179.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1995.

Rehearing Denied Feb. 28, 1995.

John Wesley Hall, Little Rock, Ark., Burton H. Shostak, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

In this appeal of his first degree murder conviction, James Eric Mansfield complains that the trial court did not permit him to present evidence that he was not the only person with a motive to kill the victim. He also complains that the court erroneously denied his Rule 29.15 motion for postconviction relief because he demonstrated that his trial counsel had a conflict of interest and was ineffective. We affirm the trial court's judgment of conviction and the denial of his Rule 29.15 motion because Mansfield has preserved none of these points for our review.

Mansfield was convicted of killing Mark Trader during the early morning hours of April 29, 1992, in Independence. Mansfield had been drinking at a bar with Trader and others earlier.

Mansfield complains in the first of his four points on appeal that the trial court erroneously granted the state's motion *in limine* to block his presenting evidence establishing that others had a reason to kill Trader, too. In arguing the motion, Mansfield's attorney said:

> The victim spent his last hours in a bar in Independence called Papa Leone's. Several people in the bar. And it is my contention that what transpired between the victim and those people in the bar, specifically assaults, fights, drunken behavior, bad language, invitations to step outside and settle the matter and ultimately a cab being called to put the victim into it to send home, are relevant to the whole issue of who did it.

Mansfield did not preserve the point for our review. A trial court's ruling *in limine* is interlocutory and is subject to change during a trial. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). A motion *in limine* preserves nothing for appeal. The proponent of the evidence must attempt to present the excluded evidence at trial, and if an objection to the proffered evidence is sustained, the proponent must make an offer of proof. *Id.; State v. Wald*, 861 S.W.2d 791, 794 (Mo.App.1993).

Just before Manfield's cross-examination of the state's key witness, he requested the trial court's permission "to ask [the witness] with whom Mr. Trader became belligerent, in what fashion he became belligerent, why the bar had to close down early because of his belligerence and the way he displayed it, what reaction he got with folks with whom he became belligerent." The trial court denied the request and announced that its order *in limine* was "no longer a preliminary ruling" and that it ruled "in favor of the State."

Mansfield, however, failed to follow through with the requisite offer of proof as to how the witness would answer his questions. He failed to preserve the issue for our review. *Purlee*, 839 S.W.2d at 592.

Although Rule 30.20 grants this court some leeway to consider unpreserved issues,[1] we do not discern plain error, which we previously have defined as "evident, obvious and clear error." *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). The Supreme Court of Missouri has ruled, "Evidence that another person had . . . a motive for committing the crime for which the defendant is being tried is not admissible without proof that such other person committed some act directly connecting him with the crime." *State v. Umfrees*, 433 S.W.2d 284, 287 (Mo. banc 1968). "Evidence which has no other effect than to cast bare suspicion on another is not admissible." *State v. Schaal*, 806 S.W.2d 659, 669 (Mo. banc 1991), *cert. denied*, 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). Given this law and Mansfield's fail-

---

1. The rule says, "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest justice or miscarriage of justice has resulted therefrom."

ure even to assert to the trial court that any of the other individuals threatened by Trader in the bar committed some act directly connecting them with the crime, the trial court's ruling was not plain error.

In his second point on appeal, Mansfield accuses his trial attorney of making enough blunders to render his assistance ineffective. He charges that his attorney was ineffective for (1) not objecting to the state's presenting the video-taped interview of its primary witness, John Hertlein, III; (2) stipulating that the tape did not "open the door" to Mansfield's presenting evidence of Trader's belligerence in the bar; (3) not objecting to purportedly improper cross-examination questions of Mansfield; (4) not cross-examining Joshua Trader, the victim's son; (5) not offering a tape of Mansfield's jail cell conversation with Hertlein in which Mansfield denied awareness of Trader's death; (6) not cross-examining Hertlein about the tape; (7) not objecting to the state's improper cross-examination of Mansfield's mother; (8) not objecting to improper argument by the state; (9) not calling witnesses who had exculpatory evidence; (10) and not presenting evidence of mud on Mansfield's car in rebuttal of evidence that he washed it after the murder.

■ The state first responds that Mansfield did not preserve this point, either, because of the manner in which he phrased his point relied on. We agree. Rule 30.06(d) says, "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed[.]" Although in arguing his point Mansfield makes clear that he is complaining of the motion court's denial of his Rule 29.15 motion for postconviction relief, his point relied on does not mention the motion court at all and leaves us to assume that this is the case. Even if we were to make this assumption, the motion court considered Mansfield's points and ruled against him. The motion court made 38 pages of extensive findings of fact and conclusions of law addressing each of the points raised on appeal after an evi-

dentiary hearing filling 142 transcript pages. We presume that the motion court's rulings were correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). Mansfield does not allege, as he must, that the motion court's rulings were clearly erroneous.

Mansfield makes the same error in his third point: "Mansfield was convicted in violation of his Sixth Amendment right to counsel without divided loyalties because defense counsel was a friend and associate of the deceased's brother." [2] Again, Mansfield does not mention either the trial court or motion court or action by either. The claimed error was not preserved for review.

Mansfield's final point is a "catch-all:" "The cumulative effect of the errors committed by the trial court and defense counsel renders Mansfield's convictions fundamentally unfair and violative of due process." When an appellant fails to preserve contentions of error for review or to assert them in a manner consistent with the rules of appellate review, he has truly left us nothing to review—whether as a matter of direct review or as so-called cumulative error. The point is without merit.

We affirm the judgment of conviction and the court's denial of his Rule 29.15 motion for postconviction relief.

All concur.

---

**2.** The purported conflict was that Mansfield's attorney, Jay DeHardt, was a partner with Robert McQuain who attended law school with John Trader, the victim's brother, and that McQuain and Trader were once members of the same firm. Moreover, DeHardt acknowledged that he was acquainted with John Trader.