James Eric MANSFIELD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65553.

Missouri Court of Appeals,
Western District.

Jan. 3, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 2006.

Application for Transfer Denied
April 11, 2006.

James E. Mansfield, Jefferson City, MO,
for appellant.

Shaun J. Mackelprang, Jefferson City,
MO, for respondent.

Before: EDWIN H. SMITH, C.J.,
SPINDEN and HARDWICK, JJ.

**LISA WHITE HARDWICK, Judge.**

James Mansfield appeals from the denial of his "Petition to Reopen Postconviction Proceeding." We dismiss the appeal for lack of jurisdiction.

### FACTUAL AND PROCEDURAL HISTORY

On February 2, 1993, following a jury trial, Mansfield was convicted of first-degree murder and armed criminal action. The court sentenced him to concurrent terms of life without parole and life imprisonment.

On August 23, 1993, Mansfield filed a *pro se* Rule 29.15 motion, alleging ineffective assistance of counsel, improper prosecution, and court prejudice pursuant to Rule 29.15. Appointed counsel later filed an amended motion, alleging fourteen claims of ineffective assistance of counsel and one due process claim. Following an evidentiary hearing, the motion court denied postconviction relief. We affirmed the decision on appeal. *State v. Mansfield*, 891 S.W.2d 854 (Mo.App.1995).

On April 14, 2004, Mansfield filed a *pro se* "Petition to Re-open Postconviction Proceedings for Final Judgment and to Dispose of all the Issues." Mansfield alleged that his 29.15 proceedings should be reopened because the motion court failed to make findings on one of his ineffective assistance of counsel claims. On March 9, 2005, the circuit court denied the petition on the merits, finding no grounds to reopen the proceedings. Mansfield appeals.

### ANALYSIS

■ Mansfield raises two points challenging the denial of his Petition to Reopen Postconviction Proceedings. However-

er, the State correctly argues that we must determine our jurisdiction before considering the specific points on appeal. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). Appellate jurisdiction derives from that of the circuit court. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App.2001). If the circuit court does not have jurisdiction to consider the merits of a case, we have no jurisdiction to review the judgment rendered therefrom. *Id.* The scope of a trial court's subject matter jurisdiction is a question of law which we review *de novo. Id.*

■ Although a Rule 29.15 motion arises from a criminal conviction, the post-conviction proceeding is governed by the Rules of Civil Procedure. *Cook v. State*, 156 S.W.3d 418, 420 (Mo.App.2005) (citing Rule 29.15(a)). Under Rule 75.01, the circuit court retains jurisdiction to "vacate, reopen, correct, amend, or modify" a judgment within thirty days following its entry. The court has no jurisdiction to consider reopening a postconviction judgment beyond this thirty-day time limit.[1] *See State v. McElroy*, 838 S.W.2d 43, 49 (Mo.App. 1992).

Mansfield waited more than ten years to file his Petition to Reopen Postconviction Proceedings. The circuit court entered judgment denying the Rule 29.15 motion on February 4, 1994, and Mansfield did not seek to reopen the proceeding until April 14, 2004. The circuit court no longer had jurisdiction to reconsider the postconviction judgment after March 6, 1994. Mansfield's ten-year delay also precluded the court from exercising jurisdiction under Rule 74.06(b), which permits the filing of a motion for relief from final judgment (on

---

1. A narrow exception to the thirty-day time limit exists to allow the reopening of a judgment to address claims of abandonment by postconviction counsel. *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001). The exception is not applicable in this case where there are no allegations of abandonment.

grounds of irregularity or voidness) within *one year* of the judgment entry.

The circuit court did not have jurisdiction to rule on the merits of Mansfield's petition. Accordingly, we lack jurisdiction to consider Mansfield's appeal from a judgment improperly rendered by the circuit court. *Jeffrey*, 53 S.W.3d at 175. The appeal is dismissed.

All concur.