Stephen J. HILL, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26690.

Missouri Court of Appeals,
Southern District,
Division One.

April 20, 2006.

Application for Transfer to Supreme Court
Denied May 12, 2006.

Application for Transfer Denied
June 30, 2006.

William J. Fleischaker, Joplin, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Jefferson City, for Respondent.

ALMON H. MAUS, Senior Judge.

Under circumstances involving Stephen J. Hill ("Movant") and James Hill, one Tyrone Davis was shot to death on January 10, 1992. By information filed February 28, 1992, Movant was charged with the first-degree murder of Davis. He was

tried before a jury from February 17, 1993, to February 19, 1993. He was represented by public defenders.

The jury was instructed on first-degree and second-degree murder. In so instructing the jury, the court used MAI–CR 304.04, Parties: Defendant's Responsibility for Conduct of Another Person. The instruction submitting second-degree murder omitted the following language, which normally would appear in such an instruction:

> then you are instructed that the offense of [murder in the second degree] has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:
>
> . . . .
>
> [Third], that with the purpose of promoting or furthering the commission of that [murder in the second degree], the defendant [acted together with James Hill in committing that offense.]

The jury found Movant guilty of murder in the second degree and assessed his punishment at life imprisonment.

Movant, by his defense counsel, filed a motion for a new trial. Movant also filed five pro se motions for a new trial. The court first heard counsel and overruled the motion filed by counsel; the court also heard the Movant on the pro se motions. The court overruled all of the motions for a new trial and sentenced Movant to life imprisonment. The court advised Movant of his right to appeal and his rights under Rule 29.15.[1] The court reviewed with Movant his complaints about his trial counsel and found no probable cause for finding ineffective assistance of trial counsel. Trial counsel was directed to file an appeal.

Movant also filed a pro se Motion for Relief under Rule 29.15; the motion was a rambling recital of his complaints about his trial and sentence. James C. Martin, from the appellate defenders office, was appointed to represent Movant on the motion. Martin filed an amended motion and requested a hearing. A hearing was held and the motion was denied. Movant appealed from that denial.

Upon appeal to the Missouri Court of Appeals, Southern District, the criminal conviction and the denial of the Rule 29.15 motion, were affirmed by Order. The parties were furnished a memorandum, which set forth the reasons for the order.

On May 28, 2004, Movant, pro se, filed in the Circuit Court of Jasper County, a pleading entitled "Motion Requesting Sua Sponte Inquiry Into Abandonment/Conflict of Interest Upon This Court By Attorney James C. Martin concerning Motion to Vacate, Set Aside or Correct Judgment or Sentence and/or to Enter Appealable Judgment." This pleading and exhibits consisted of 28 pages. Movant at one place referred to it as a Rule 29.15 motion. The trial court denied this motion on June 2, 2004, and the judgment was made final for purposes of appeal.

Movant's appeal from that judgment to this Court was rejected as untimely. Movant was then granted a late appeal to the Supreme Court of Missouri. That court transferred the case to this Court.

■ Rule 29.15 in part provides:
A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 pro-

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

vides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Rule 29.15($l$) provides: "The circuit court shall not entertain successive motions." In general, Rule 29.15($l$) has been strictly followed. An exception has been recognized where post-conviction counsel abandoned the defendant. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). Recognizing that exception, Movant in his brief asserts the trial court erred in not granting Movant a hearing upon his sua sponte motion to inquire into an abandonment by his appointed counsel, James C. Martin, for failing to call to the court's attention the erroneous instruction and into an abandonment for failing to raise the issue of a conflict of interest in the public defender's office.

> Abandonment "means conduct that is tantamount to 'a total default in carrying out the obligations imposed upon appointed counsel' under the rules." *Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D.2001) (quoting *State v. Bradley*, 811 S.W.2d 379, 384 (Mo. banc 1991)). "'Abandonment' is limited to situations where appointed counsel completely and without explanation failed to file a motion on the defendant's behalf, where counsel filed an amended motion untimely, or where counsel filed a motion so patently defective that it amounted to a 'nullity.'" *Russell* at 54 (internal citations omitted).

*Waserman v. State*, 100 S.W.3d 854, 862–63 (Mo.App. S.D.2003).

James C. Martin filed an amended motion for relief under Rule 29.15 on Movant's behalf. Furthermore, he conducted a hearing to establish Movant's contentions as shown by the 98–page transcript produced by that hearing. Martin's actions totally refute any claim that Movant was abandoned by Martin. That Movant was unsuccessful in his motion does not establish an abandonment by his post-conviction counsel.

It does not appear that Movant is arguing that his post-conviction counsel failed to take any action on his behalf or otherwise failed to amend his original pro se motion; it appears Movant is arguing that post-conviction counsel was ineffective for abandoning issues Movant felt should have been raised in his post-conviction motion. *Brown v. State*, 179 S.W.3d 404, 407 (Mo. App. S.D.2005). If Movant's allegations are properly characterized, they are nothing more than allegations of ineffective assistance of post-conviction counsel. As stated, "'[a]bandonment' is limited to situations where appointed counsel completely and without explanation failed to file a motion on the defendant's behalf, where counsel filed an amended motion untimely, or where counsel filed a motion so patently defective that it amounted to a 'nullity.'" *Waserman v. State*, 100 S.W.3d 854, 862 (Mo.App. S.D.2003) (quoting *Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D.2001) (internal citations omitted)). A claim that Martin, post-conviction counsel, was ineffective is not reviewable. "His abandonment claim is nothing more than a claim of ineffective assistance of post-conviction counsel, which is 'categorically unreviewable.'" *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997) (quoting *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992)). Movant cannot evade the prohibition against successive Rule 29.15 motions by a characterization of ineffectiveness as abandonment. *Vicory v. State*, 117 S.W.3d 158, 160 (Mo.App. S.D.2003).

The judgment is affirmed.

RAHMEYER, P.J., and PARRISH, J., concur.