Kenneth G. **MIDDLETON**, Appellant–Respondent,

v.

**STATE** of Missouri, Respondent–Appellant.

Nos. WD 65540, WD 65578.

Missouri Court of Appeals, Western District.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2006.

Application for Transfer Denied Sept. 26, 2006.

Jonathan L. Laurans, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Shaun Mackelprang, Debo-

rah Daniels, Attorney General Office, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

The State and Kenneth Middleton (Middleton) cross-appeal from an order re-opening Middleton's 1991 Rule 29.15 motion and vacating and setting aside Middleton's convictions and sentences for first-degree murder and armed criminal action and granting him a new trial. The State contends that post-conviction counsel did not abandon Middleton and that the trial court had no jurisdiction to grant him relief under Rule 29.15. We agree and reverse and remand with directions to dismiss Middleton's motion.

**Factual and Procedural Background**

In 1991, Middleton was tried and convicted of first-degree murder and armed criminal action and sentenced to concurrent sentences of life without possibility of probation or parole and 200 years. On September 9, 1991, Middleton timely field a *pro se* Rule 29.15 motion for post-conviction relief. After the trial court appointed counsel from the Appellate Public Defenders office to prepare an amended motion, Middleton hired private counsel. The deadline for filing the amended motion was November 25, 1991.

On Friday, November 22, 1991, Middleton received from his attorney a one-page affidavit with instructions that it be signed and immediately returned. The affidavit was not accompanied by the proposed amended motion. Middleton signed the affidavit and it was faxed to counsel the day the motion was due. A draft of the amended motion was sent separately from the affidavit, but was not received by the correctional center until the afternoon of November 25, 1991. On November 25, 1991, retained counsel timely filed an amended motion alleging ineffective assistance of trial counsel. On April 9, 1992, the motion court denied Middleton's *pro se* and amended motions. On consolidated appeal, this court affirmed Middleton's convictions and sentences and the denial of his 29.15 motion. *Middleton v. State,* 854 S.W.2d 504 (Mo.App. W.D.1993).

On July 16, 2003, Middleton filed a motion to "re-open previously filed Rule 29.15 proceeding upon showing of abandonment, or in the alternative, petition for writ of habeas corpus." He also filed a Rule 29.15 motion asserting additional claims of ineffective assistance of counsel at his 1991 trial. A hearing was held on December 18, 2003, solely to address the issue of the motion court's jurisdiction to re-open Middleton's 1991 post-conviction proceeding. On June 24th and 25th, 2004, the motion court held an evidentiary hearing on the merits of Middleton's new motion and issued its findings of fact and conclusions of law on May 26, 2005.

The motion court found that post-conviction counsel had abandoned Middleton because the amended motion did not confer jurisdiction on the trial court because it was improperly verified. Therefore, the motion court held that it had jurisdiction to re-open the prior proceeding. The motion court further found that Middleton was denied effective assistance of counsel for numerous trial errors, that none of the errors independently would justify a new trial but that cumulatively they prejudiced Middleton. The motion court also denied Middleton's claim of gross prosecutorial misconduct. The motion court ordered his convictions and sentences vacated and set aside and granted him a new trial.

The State appeals the order of the motion court and Middleton cross-appeals. The State has also filed a motion to vacate the motion court's judgment and order the present 29.15 motion dismissed as untime-

ly. That motion is disposed of by our holding in this case.

## Points Relied On

The State alleges four points of error and on cross-appeal Middleton alleges two. As the State's first point is dispositive of this case, the other points raised by both parties need not be addressed. The State alleges that the motion court lacked jurisdiction to re-open Middleton's Rule 29.15 proceeding, because, as a matter of law, Middleton's improper verification of the amended 29.15 motion did not constitute abandonment.

## Standard of Review

■ The parties are not in agreement as to what standard of review governs our determination of this matter. The State contends that whether the motion court had jurisdiction to re-open Middleton's 29.15 proceeding is a question of law that is reviewed *de novo*. Middleton contends that the standard is clear error. We disagree. "The scope of a trial court's subject matter jurisdiction is a question of law which we review *de novo*." *Mansfield v. State*, 187 S.W.3d 1, 2 (Mo.App. W.D.2006). Therefore, the question of whether the motion court had jurisdiction to re-open Middleton's Rule 29.15 proceeding will be reviewed *de novo*.

## Discussion

■ Rule 29.15 motions for post-conviction relief are governed by the rules of civil procedure. Rule 29.15(a); *Mansfield*, 187 S.W.3d at 2. Pursuant to Rule 75.01, the trial court retains jurisdiction to re-open a 29.15 proceeding thirty days after entry of judgment. Rule 75.01; *Mansfield*, 187 S.W.3d at 2. Thus, the trial court lost jurisdiction of Middleton's original and amended motions in 1992, thirty days after they were denied. A narrow exception to

this rule exists where post-conviction counsel has abandoned a post-conviction movant. *State ex rel Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001). Because there is no constitutional right to post-conviction counsel or effective post-conviction counsel we must review claims of abandonment carefully to make sure that the true claim is abandonment and not ineffective assistance of post-conviction counsel. *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003). The Supreme Court has consistently refused to expand the meaning of abandonment. *Id.* at 774.

Abandonment occurs only when: "(1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Id.*

■ The essence of Middleton's claim was that he was not given a copy of the 1991 amended Rule 29.15 motion, before he was asked to sign the verification. Because he did not see the proposed motion he did not know what claims were being asserted; and he now asserts that a number of viable claims were omitted by his original post-conviction counsel. This, he contends, constitutes abandonment. The State contends that the Supreme Court's holding in *State v. White*, 873 S.W.2d 590 (Mo. banc 1994), is dispositive because it held that signing a verification prior to the completion of an amended motion does not constitute abandonment. *Id.* at 598. Relying on *State v. Davis*, 814 S.W.2d 593 (Mo. banc 1991), and *Boydston v. State*, 26 S.W.3d 845 (Mo.App. W.D.2000), Middleton contends that the verification was improperly attested and fatally defective, thereby nullifying his original 29.15 pro-

ceeding and requiring a re-opening of the case. We disagree.

■ Middleton's reliance on *Davis* and *Boydston* is misplaced as both cases involve motions for post-conviction relief that were neither signed nor verified. Here, although Middleton was not provided with an opportunity to read the amended motion prior to signing the verification, Middleton signed the affidavit declaring that he had read the amended motion and that it listed all grounds for relief and acknowledged that he understood that he waived all grounds of relief not listed in the motion. This is all that was required. Like the court in *White*, we will not allow Middleton to complain of improper verification where his own conduct resulted in the verification being signed prior to the completion of the amended motion. *White*, 873 S.W.2d at 598. Post-conviction counsel did not abandon Middleton.

■ Nevertheless, Middleton argues that *White* cannot be applied in this case because *White v. Bowersox*, 206 F.3d 776 (8th Cir.2000), addresses the unconstitutionality of applying the 1994 *White* decision to cases arising before the date of that opinion. Middleton contends that because he was abandoned in 1992 before the 1994 Supreme Court decision in *State v. White*, that it cannot be applied retroactively to his 1991 post-conviction proceeding under the authority of *Bowersox*. Middleton's characterization of *Bowersox* is incorrect. In *Bowersox*, the Eighth Circuit held that the Missouri Supreme Court's determination in *White* that the movant had waived any claim that he had been abandoned as to the content of his post-conviction motion when he signed a blank verification was an inadequate state ground to bar federal review of the movant's habeas petition. *White*, 206 F.3d at 781. *Bowersox* did not address the constitutionality of retroactive application of the holding in *White* cases arising before the date of that opinion. In fact, the Eighth circuit noted that the Missouri Supreme Court was free to interpret its procedural rules in that way. *Id.* Furthermore, Missouri courts are not bound to follow Eighth Circuit decisions. *State v. Storey*, 901 S.W.2d 886, 900 (Mo. banc 1995).

### Conclusion

The motion court erred in re-opening Middleton's 1991 Rule 29.15 proceeding for post-conviction relief, because the motion court lacked jurisdiction to re-open the post-conviction proceedings in that Middleton's improper verification of his amended 29.15 motion does not constitute abandonment. The judgment of the motion court is reversed, and the trial court is ordered to dismiss Middleton's motions.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.