**Thomas E. SIMMONS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 66861.**

Missouri Court of Appeals,
Western District.

Sept. 25, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2007.

---

Phillip Ray Gibson, Independence, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Marie Morrell, Asst. Attorney General, Jefferson City, MO, for respondent.

Before RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Thomas Simmons appeals the circuit court's denial of his motion to reopen his Rule 29.15 proceedings based on his claim that he was abandoned by post-conviction counsel. Because we determine there was no abandonment, we affirm the judgment.

## Background

In 1999, Thomas Simmons was convicted by a jury of four counts of receiving stolen property in violation of section 570.080, RSMo.[1] The court sentenced him as a prior and persistent offender to four seven-year prison terms, the concurrent and consecutive nature of which resulted in a total of fourteen years.

## The Direct Appeal

Simmons' direct appeal was dismissed by this court for failure to prosecute within the time period allowed. Simmons then filed his first motion for post-conviction relief. The circuit court granted his motion, finding that he had received ineffective assistance of counsel in that counsel failed to file a timely appellate brief. The court vacated Simmons' sentences and then imposed sentences identical to the previous ones, giving him the opportunity to pursue his direct appeal in a timely manner. On appeal, this court affirmed his convictions in a per curiam order and unpublished memorandum. *State v. Simmons,* 95 S.W.3d 130 (Mo.App.2002).

## Motion for Post–Conviction Relief

Simmons then filed his second *pro se* motion for post-conviction relief. The motion court appointed a public defender to represent him. Simmons subsequently hired private counsel, and the public defender was granted leave to withdraw. Simmons' private counsel filed a timely amended post-conviction motion on his behalf. Both the *pro se* and the amended motions alleged, *inter alia,* that trial defense counsel was ineffective for failing to assert a claim of double jeopardy. The specific allegation was that counsel was ineffective for failing to object to the information and sentences on the four counts of

---

1. All statutory references are to the Revised Statutes of Missouri 1994.

receiving stolen property because the evidence indicated that there was one act of receiving stolen property, not four acts. Simmons alleged that charging him with all four counts violated the Double Jeopardy clause of the United States Constitution.

The motion court, after conducting an evidentiary hearing, expressed the belief that the double jeopardy claim had merit. Both the prosecutor and Simmons' counsel agreed to research and submit briefs on the question of whether, in the event the court found that the multiple counts violated the double jeopardy clause, Simmons would be entitled to a new trial on all four counts or if, instead, the court should set aside three of his convictions. The court gave the parties a week to submit their briefs.

Following the evidentiary hearing, Simmons' retained counsel filed a motion for leave to withdraw on the same day the trial brief was due. Among her reasons were Simmons' accusation that she had a conflict of interest because she had once worked with a judge who had a minor role in his criminal case. Simmons also had threatened her with a bar complaint, an investigation, and disbarment. The court granted counsel's motion to withdraw on January 5, 2004. The court found that Simmons had consented to the withdrawal by virtue of a letter he sent the court in which he "pilloried" counsel for her alleged misdeeds.

In February 2004, after noting that Simmons had hired a total of five private attorneys over the course of the case, the court re-appointed the appellate public defenders' office to represent Simmons until his eligibility for their services could be determined. Appointed counsel later contacted Simmons requesting that he fill out and return an application for services.

On March 9, the court ordered counsel for both sides to submit their briefs on the double jeopardy issue by March 19. Appointed counsel informed the court that she was in the process of determining whether Mr. Simmons qualified for the public defender's services and that she had not yet sought or reviewed any of the case files from previous counsel. She wrote that she did not know anything about the issues raised in Simmons' motion and, thus, was unable to be of service in the matter at that time.

The State filed its trial brief, arguing that there was no double jeopardy violation, but that even if there was, the court should uphold two of Simmons' convictions. The two counts the State said should remain were two that ran consecutively; thus, Simmons still would be serving fourteen years under the State's arguments.

### Motion Court Ruling

On March 31, 2004, the motion court entered judgment, sustaining Simmons' claim that trial counsel was ineffective for failing to seek dismissal of three of the four counts against him on the basis of double jeopardy. The court vacated Simmons' convictions on three of the four counts. The court upheld one conviction, leaving him with one seven-year prison sentence. This was apparently not all of the relief that Simmons wanted, because Simmons desired that all convictions be set aside, that three of the four counts be dismissed, and that he be granted a new trial on the remaining count.

### Appeal of the Motion Court Ruling

Simmons' appointed counsel filed a timely notice of appeal. Counsel also timely filed Simmons' appellate brief with this court. The record on appeal in this case does not include a copy of that brief.

### Withdrawal of Appointed Counsel

Both appointed counsel and Simmons filed motions requesting that counsel be permitted to withdraw. This court granted the motions.

While his appeal was pending, Simmons filed a "Motion to Reopen 29.15 Hearing" in the circuit court, claiming that he had been abandoned by counsel. The court denied the motion on the basis that it lacked jurisdiction due to Simmons' pending appeal.

### Affirmance of Post–Conviction Ruling

On March 28, 2006, this court issued a per curiam order and unpublished memorandum denying Simmons' appeal and affirming the post-conviction court's judgment. *Simmons v. State,* 186 S.W.3d 835 (Mo.App.2006).

### "Petition for Abandonment"

A few days later, on April 10, Simmons filed a motion in the circuit court, which he entitled "Petition for Abandonment of Counsel Pursuant to Missouri Supreme Court Rule 29.15." The circuit court denied the motion on the basis of Rule 29.15(*l* ), which states that the court "shall not entertain successive motions" for post-conviction relief. The court also noted that Simmons' allegation that retained counsel withdrew due to a conflict of interest was not accurate. She withdrew because Simmons *accused* her of having a conflict of interest, among other accusations.

Simmons now appeals the circuit court's denial of that motion.

### Jurisdiction to Reopen

Simmons' single argument on appeal is that the court erred in denying his "Petition for Abandonment of Counsel Pursuant to Missouri Supreme Court Rule 29.15," which was basically a motion asking the circuit court to reopen his Rule 29.15 case to consider the question of whether he was abandoned by post-conviction counsel.

Our review of the trial court's action on a Rule 29.15 motion "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). Findings and conclusions are clearly erroneous only if our review of the entire record leaves us with the definite and firm impression that a mistake was made. *Edgington v. State,* 189 S.W.3d 703, 705 (Mo.App.2006).

The State says the motion court lacked jurisdiction to reopen the Rule 29.15 proceedings because Simmons did not raise a claim of actual abandonment, which is the only recognized exception to the thirty-day time limit for re-opening a civil judgment under Rule 75.01. The motion court did not comment specifically on its jurisdiction but, instead, held that the motion must be denied on the basis of Rule 29.15(*l* ), which precludes it from considering "successive motions." This was, in essence, a finding that it lacked subject matter jurisdiction. *See Walker v. State,* 194 S.W.3d 883, 884 (Mo.App.2006). This court recently held in *Middleton v. State,* 200 S.W.3d 140, 143 (Mo.App.2006), that the issue of whether a motion court has jurisdiction to reopen a 29.15 proceeding is a question of law that we review *de novo.*

 Claims for post-conviction relief under Rule 29.15 are governed by the rules of civil procedure. Rule 29.15(a); *Middleton,* 200 S.W.3d at 143. Under Rule 75.01, the trial court retains jurisdiction to "vacate, reopen, correct, amend, or modify" a civil judgment only for thirty days following its entry. A narrow exception to this rule allows a post-conviction court to reopen the proceedings where facts are pleaded constituting a claim of actual abandonment by post-conviction

counsel. *Edgington*, 189 S.W.3d at 706 (*citing State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001)). Here, the motion court denied Simmons' motion on the basis of Rule 29.15(*l* ). A valid claim of abandonment by post-conviction counsel creates an exception to Rule 29.15(*l* ). *Hill v. State*, 193 S.W.3d 390, 392 (Mo.App.2006) (*citing Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991)).

### "Abandonment"

■ The pertinent question, then, is whether Simmons raised any claims in his motion that fall within the narrow definition of "abandonment." Abandonment by post-conviction counsel is limited to two circumstances: (1) where counsel fails to take any action with respect to filing an amended motion and the movant is thereby deprived of a meaningful review of his claims; and (2) where counsel fails to file a timely amended motion despite being aware of the need to do so. *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003); *Middleton*, 200 S.W.3d at 143. The Missouri Supreme Court has consistently refused to expand the scope of abandonment. *Middleton*, 200 S.W.3d at 143 (*citing Barnett*, 103 S.W.3d at 774).

A few cases have included in the definition of "abandonment" counsel's filing an amended motion that is "so patently defective that it amounted to 'a nullity.'" *See, e.g., Robinson v. State*, 211 S.W.3d 162, 163 (Mo.App. E.D.2007); *Simmons v. State*, 190 S.W.3d 558, 559–60 (Mo.App. E.D.2006). Mr. Simmons does not make that claim here. His arguments revolve around counsel's failure to file *a brief* with the motion court.

Simmons argues on appeal that the motion court erred in denying his motion to reopen because both retained counsel *and* appointed counsel abandoned him by failing to file the requested trial brief on the double jeopardy issue. All of this, he says, resulted in the court's erroneous failure to grant him a new trial on the one charge remaining after the dismissal of the other counts.

■ Neither of the recognized forms of abandonment was present in Simmons' case. Simmons' retained attorney filed a timely amended Rule 29.15 motion in which she raised the double jeopardy issue, as well as several other arguments. She represented Simmons at his evidentiary hearing and did not seek to withdraw until after the hearing was over. Counsel did not withdraw due to a conflict of interest, as Simmons claims, but instead because of Simmons' allegation that she had such a conflict. By the time retained counsel withdrew, she had completed all of her work on Simmons' post-conviction relief case except for the brief on the legal issues which the court requested. In her motion to withdraw, counsel asked the court to extend the deadline for the brief since she was seeking to withdraw without having completed it.

A claim of abandonment of counsel arises only when the original motion was filed *pro se* and post-conviction counsel is appointed to review it, as required by Rule 29.15(e). *See State v. Gilpin*, 954 S.W.2d 570, 579 (Mo.App.1997). Here, counsel reviewed the original motion, filed the amended motion, and conducted a hearing on behalf of Simmons. There was no abandonment.

■ Neither was Simmons abandoned by appointed counsel. She cannot be considered to have abandoned him by not filing a timely amended motion because retained counsel had already done that. Simmons' complaint regarding appointed counsel is not that she failed to file an amended motion, but that she failed to file the requested brief with the motion court. "Abandonment" can occur only in connection with an amended motion. A claim of

failure to respond to a motion court's request for briefing is not a claim of abandonment any more than the filing of a very inadequate brief would constitute abandonment.

■■■ Because there is no constitutional right to effective post-conviction counsel, we must determine whether the true claim is abandonment or is ineffective assistance of post-conviction counsel. *Middleton,* 200 S.W.3d at 143 (*citing Barnett,* 103 S.W.3d at 773–74). We recognize, for instance, that a claim that counsel failed to include a possible post-conviction claim in the amended motion does not constitute abandonment but, rather, is more accurately characterized as an allegation of "ineffective assistance" of post-conviction counsel. *See Hill,* 193 S.W.3d at 392; *Edgington,* 189 S.W.3d at 706–07. Claims of ineffective assistance of post-conviction counsel do not constitute abandonment, entitling the movant to reopen his post-conviction proceeding. *Robinson,* 211 S.W.3d at 163–64. Such claims are, in fact, "categorically unreviewable." *Hill,* 193 S.W.3d at 392 (*quoting State v. Owsley,* 959 S.W.2d 789, 799 (Mo. banc 1997)). Simmons cannot evade the prohibition against successive Rule 29.15 motions by characterizing a claim of ineffectiveness as abandonment.

Simmons' motion to reopen his Rule 29.15 case does not allege facts articulating a claim of abandonment of counsel. The motion court did not err in denying the motion.

### Conclusion

For the foregoing reasons, judgment is affirmed.

HOLLIGER and LOWENSTEIN, JJ., concur.