

*In the*

*Missouri Court of Appeals*

*Western District*

KENNETH G. MIDDLETON,

        **Appellant,**

v.

STATE OF MISSOURI,

        **Respondent.**

**WD75669**

**OPINION FILED:**

**MARCH 4, 2014**

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Edith Messina, Judge**

**Before Division One: Alok Ahuja, P.J., Thomas H. Newton, Anthony Rex Gabbert, JJ.**

Kenneth G. Middleton appeals the circuit court's judgment denying his second motion to reopen his Rule 29.15 post-conviction proceeding. Middleton asserts four points on appeal. First, Middleton contends that the circuit court clearly erred in denying his motion and in declining to address the merits of the underlying claims because the State agreed to reopen the case in 2004 and, therefore, waived any defenses to reopening the case and is judicially estopped from changing its position. Second, Middleton argues that the court clearly erred in denying his motion to reopen because the evidence established that he was abandoned by both his appointed and retained 29.15 counsel and that retained counsel was ineffective. Third, Middleton contends that the court clearly erred in denying his motion because the record established that trial and appellate counsel, Robert Duncan, acted in concert with retained 29.15 counsel Gerald Handley,

and labored under an actual conflict of interest that constituted abandonment of counsel. Finally, Middleton claims that retained 29.15 motion court counsel committed a fraud upon the court by presenting a fraudulent verification to Middleton's amended 29.15 motion and coerced Middleton to participate in this fraudulent act which constituted abandonment by counsel. We affirm.

In the underlying case, Middleton was convicted by a jury in 1991 for first degree murder and armed criminal action in the shooting death of his wife, Katherine Middleton.[1] On April 5, 1991, he was sentenced to concurrent sentences of life imprisonment without parole for the murder conviction and two hundred years for the armed criminal action conviction.

On September 9, 1991, Middleton filed a timely *pro se* Rule 29.15 motion for post-conviction relief. After the trial court appointed a public defender to prepare an amended motion, Middleton hired private counsel. Middleton's retained counsel timely filed an amended motion alleging ineffective assistance of trial counsel on November 25, 1991. On April 9, 1992, the motion court denied Middleton's *pro se* and amended motions. Middleton appealed his criminal conviction and the denial of his Rule 29.15 motion and on consolidated appeal, we affirmed his convictions and sentences and the denial of his Rule 29.15 motion. *State v. Middleton*, 854 S.W.2d 504 (Mo. App. 1993).[2]

Approximately three years later in August of 1996, Middleton filed a motion to recall the Court's mandate alleging six claims of ineffective assistance of direct appeal counsel. The

___

[1] In detailing the history of this case, we borrow extensively from the "Facts and Procedural History" set forth in this court's 2011 opinion, *Middleton v. State*, 350 S.W.3d 489, 490-491 (Mo. App. 2011).

[2] Middleton's appeal included claims of insufficient evidence for conviction, evidentiary error of statements Middleton deemed inadmissible because of alleged *Miranda* violations, error in the admission of three separate pieces of evidence that he claimed to be unsupported by appropriate scientific foundation, instructional error, and ineffective assistance of trial counsel. These issues were decided on the merits.

motion alleged further that because direct appeal counsel had also served as trial counsel, this created a conflict of interest with regard to Middleton's meritorious claims of ineffective assistance of trial counsel. Middleton also alleged that the prosecutor had a conflict of interest. On November 26, 1996, this court denied Middleton's motion.

On April 28, 1998, the United States District Court for the Western District of Missouri denied a habeas petition that Middleton had filed. *See Middleton v. Bowersox*, No. 95-01302-CV-W-GAF. Among the claims denied was a claim that direct appeal counsel had a conflict of interest. *Id.* Middleton alleged that direct appeal counsel was required to assert claims of ineffective assistance of trial counsel, but could not do so because he had represented Middleton at trial. *Id.*

Approximately five years later in July of 2003, Middleton moved to reopen his post-conviction proceedings based on abandonment of his original post-conviction relief counsel ("Motion to Reopen I"). The motion court granted Middleton's Motion to Reopen I, ruling that Middleton had been abandoned by counsel as alleged. The motion court reopened Middleton's post-conviction proceedings and ultimately vacated and set aside Middleton's convictions, granting a new trial. The State appealed and this court concluded that Middleton had not been abandoned by counsel. *Middleton v. State*, 200 S.W.3d 140, 144 (Mo. App. 2006). We reversed the motion court, ruling that the motion court lacked authority to reopen Middleton's post-conviction proceedings due to the lack of abandonment. *Id.* We remanded the case to the motion court with directions to dismiss[3] Middleton's Motion to Reopen I. *Id.*

---

[3]*See McFadden v. State*, 256 S.W.3d 103, 106 (Mo. banc 2008) (Absent the narrow exception when the post-conviction movant is abandoned by counsel, a Rule 29.15 movant is only entitled to relief when filing a meritorious Rule 29.15 motion within the time limits prescribed by Rule 29.15 and, if not timely filed, the motion court is compelled to dismiss it.)

On August 5, 2010, Middleton filed his current motion to reopen his post-conviction proceedings ("Motion to Reopen II"). In this motion Middleton first alleged that he was abandoned by the public defender initially appointed to represent him because the public defender never filed an amended motion. Second, he alleged that the amended motion filed by his retained post-conviction counsel was "so patently defective that it amounts to a nullity." Third, the motion alleged that post-conviction counsel committed a fraud upon the motion court when he filed an amended motion "with a verification signed by movant that falsely indicated that movant had read the amended motion." The motion alleged that this action "constituted an egregious falsehood that is sufficient to allow this Court to reopen its judgment under Rule 74.06(d)." Fourth, the motion to reopen alleged that "trial and appellate counsel Robert G. Duncan labored under a conflict of interest."

On November 29, 2010, the motion court issued a signed order, denying Middleton's Motion to Reopen II. The motion court expressly stated that the basis for denial was because it lacked jurisdiction to consider Middleton's Motion to Reopen II. The motion court recorded the order denying the Motion to Reopen II in a docket entry. Neither the order nor the docket entry was denominated a "judgment." Middleton appealed the circuit court's order and we dismissed for lack of jurisdiction because the order was not a final appealable judgment. *Middleton v. State*, 350 S.W.3d 489, 492 (Mo. App. 2011). After various other motions were filed, on August 31, 2012, the circuit court issued an amended judgment from which Middleton now appeals.

"Review of a motion court's overruling of a motion to reopen postconviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). Findings and conclusions are

4

deemed clearly erroneous when, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id*.

In Middleton's first point on appeal he contends that the circuit court clearly erred in denying his motion to reopen his Rule 29.15 proceeding and in declining to address the merits of his underlying claims because the State agreed to reopen the case in 2004 and, therefore, waived any defenses to reopening the case and is judicially estopped from changing its position. We disagree.

Middleton's only support for this contention is that, during the proceedings connected with Middleton's Motion to Reopen I, the State filed proposed findings of fact and conclusions of law and, therein, Middleton claims that the State conceded that it was appropriate for the court to reopen the action due to abandonment of counsel. We find that the State made no concessions by merely filing proposed findings of fact and conclusions of law. On July 16, 2003, Middleton filed his Motion to Reopen I. On December 18, 2003, the circuit court held an evidentiary hearing on the sole issue of whether the court had the authority to reopen Middleton's Rule 29.15 proceeding. At that hearing, Middleton argued that *White v. Bowersox*, 206 F.3d 776 (8th Cir. 2000), was dispositive of the issue and required that Middleton's case be reopened because his hired counsel had abandoned him by having him sign an affidavit unaccompanied by the proposed amended motion. The State disagreed. The State argued that "*White [v. Bowersox]* is wholly distinguishable in the instant case. . . . [Middleton] was not abandoned by his counsel." On February 2, 2004, the court granted Middleton's motion to reopen the proceedings as reflected in a docket entry by the court, but issued no written order at that time. On June 24, 2004, the court then held evidentiary hearings on the merits of Middleton's claims of ineffective

5

assistance of trial counsel.  On or about August 2, 2004, both Middleton and the State filed proposed findings of fact and conclusions of law.

Thus, the court granted Middleton's motion to reopen six months prior to when the State filed its proposed findings and conclusions.  Nothing in the record suggests that the State ever conceded its position that Middleton was not abandoned by counsel and the State's proposed findings of fact and conclusions of law are a manifestation of the court's prior determination rather than evidence of concession.  We have previously stated that "[t]he attorney for each party should seek to draft such fair, objective and comprehensive proposed findings and conclusions that the judge could be comfortable adopting them verbatim." *State v. Wickizer*, 859 S.W.2d 873, 882 (Mo. App. 1993), overruled on other grounds, *State v. Carson*, 941 S.W.2d 518, 520, 523 (Mo. banc 1997).  Here, it is clear that because the court had already granted Middleton's motion to reopen the case, the State's proposed findings and conclusions reflect findings and conclusions the court could be comfortable adopting verbatim.[4]  Point one is denied.

In Middleton's second point on appeal, he argues that the circuit court clearly erred in denying his motion to reopen the 29.15 proceeding because the evidence established that he was abandoned by both his appointed and retained 29.15 counsel and that retained counsel was ineffective.

---

[4]Additionally, we note that the State appealed this ruling by the court on the grounds that the court lacked authority to reopen the Rule 29.15 proceeding because Middleton had not been abandoned by counsel. *Middleton*, 200 S.W. 3d 140, 143.  We agreed and reversed. *Id.* at 144.  However, even if the State had agreed with the court's determination, "[t]he State's acquiescence in the circuit court's actions beyond its [authority] cannot endow those actions with a legitimacy that they never enjoyed." *State v. Joordens*, 347 S.W.3d 98, 101 (Mo. App. 2011).  We disagree with Middleton's assertion that *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008), "explicitly overruled" our decision regarding Middleton's Motion to Reopen I.  *Crenshaw* holds that the motion court has authority to hear a movant's claims of abandonment by post-conviction counsel. *Id*.  We agree.  However, if the court determines that the movant was not abandoned, the court has no authority to reopen the movant's previous Rule 29.15 claims. *Middleton*, 200 S.W.3d at 144.

6

"The abandonment doctrine provides a narrow exception permitting the circuit court to re-open an otherwise final post-conviction case." *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008*).* "Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." *Id.* "'[C]laims of ineffective assistance of postconviction counsel are categorically unreviewable.'" *Gehrke*, 280 S.W.3d at 58 (citing *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004).

Generally, there are three circumstances under which Missouri courts have deemed a movant abandoned by post-conviction counsel. *Jensen v. State*, 396 S.W.3d 369, 374 (Mo. App. 2013). These include: (1) when counsel takes no action to file an amended motion and the record reflects that the movant is deprived of a meaningful review of his claims; (2) when counsel is aware of the necessity of filing an amended post-conviction relief motion and fails to timely do so; and (3) when post-conviction counsel overtly acts in such a way as to prevent the timely filing of a post-conviction motion. *Id.* (citing *Gehrke v. State*, 280 S.W.3d at 57.)

In *Middleton v. State*, 200 S.W.3d at 144, we concluded that Middleton was not abandoned by his retained post-conviction counsel. Therefore, all of Middleton's claims with regard to his retained post-conviction counsel's ineffectiveness are "categorically unreviewable." *Gehrke v. State*, 280 S.W.3d at 57. Although Middleton now claims that he was abandoned by his retained post-conviction counsel when his counsel filed a "patently defective amended motion," abandoned all but one of Middleton's claims of ineffective assistance of trial counsel

prior to the 1992 evidentiary hearing, and failed to present any meaningful evidence in support of any of appellant's claims for relief at that hearing, the record proves otherwise.[5]

Post-conviction counsel's amended motion raised six claims of ineffective assistance of trial counsel and it incorporated Middleton's *pro se* claims and all other claims asserted in Middleton's pre-trial and post-trial motions. The transcript of the evidentiary hearing indicates that counsel struck points five and six from its motion, but left all other points in the motion and either offered specific evidence regarding those claims or offered the transcript into evidence as support for the additional claims.[6] After the motion court denied Middleton's motion on the merits, Middleton appealed and this court reviewed the motion court's judgment and affirmed. *Middleton*, 854 S.W.2d 504. Thus, as Middleton's post-conviction counsel filed a timely motion, was heard on that motion, and ultimately appealed the denial of that motion which was addressed on its merits by this court, Middleton has no grounds to now contend that counsel filed a "patently defective" amended motion that amounted to a "nullity." Middleton's argument is essentially an ineffective assistance of post-conviction counsel claim. Middleton has no

---

[5]The State's plea that many of the issues Middleton now raises have either been raised before or could and should have been raised previously, and should not now be reviewed, has some force. However, as Middleton claims that his case "presents a perverse and Kafkaesque nightmare involving a man wrongly convicted of murder and sentenced to life without parole who is denied any meaningful post-conviction review of the merits of his claims due to procedural technicalities spawned by the incompetence and misconduct of his previous attorneys," we review the merits of his present claims *ex gratia*, even if not required.

[6]Middleton claims that Handley abandoned all but one of appellant's claims of ineffective assistance of trial counsel prior to the 1992 evidentiary hearing. The evidentiary hearing transcript shows otherwise.

8

constitutional right to the effective assistance of counsel in post-conviction proceedings. *Riley v. State*, 364 S.W.3d 631, 638 (Mo. App. 2012).[7]

Additionally, Middleton was not abandoned by appointed post-conviction counsel. While the court did appoint a public defender to assist Middleton with his post-conviction claims and file an amended motion, Middleton hired his own counsel thereafter and Middleton's hired counsel timely filed an amended motion. As previously stated, Middleton was ultimately heard on that motion. Therefore, while the public defender did not file an amended motion for Middleton and instead filed a motion to withdraw as Middleton's counsel, Middleton was not deprived of a meaningful review of his claims because of the public defender's actions. Likewise, it cannot be said that the public defender was aware of the need to timely file an amended motion and failed to timely do so. There was no need for the public defender to file an amended motion as Middleton's hired counsel filed an amended motion on Middleton's behalf. Further, as a timely motion was filed, it cannot be said that the public defender prevented the timely filing of an amended motion. Thus, Middleton can prove none of the prerequisites necessary for a finding that his appointed post-conviction counsel abandoned him. Therefore, the circuit court did not clearly err in denying Middleton's motion to reopen his Rule 29.15 claims on the grounds of abandonment of counsel as Middleton has failed to prove that he was abandoned by either hired counsel or appointed counsel. Point two is denied.

In Middleton's third point on appeal, he claims that the court clearly erred in denying his motion to reopen his Rule 29.15 action because the record established that trial and appellate

---

[7]Middleton relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), to argue that the ineffective assistance of his post-conviction counsel constitutes a basis to reopen his post-conviction proceedings. We have held in multiple cases, however, that Martinez does not alter the well-established Missouri rule that allegations of ineffective assistance of post-conviction counsel are categorically unreviewable. See, e.g., *Martin v. State*, 386 S.W.3d 179, 184-86 (Mo. App. 2012); *Logan v. State*, 377 S.W.3d 623, 628-29 (Mo. App. 2012).

counsel, Robert Duncan, acted in concert with retained 29.15 counsel, Gerald Handley, and labored under an actual conflict of interest that constituted abandonment by counsel. We find no support in the record for this contention.

The record reflects that, with regard to Middleton's direct appeal, Duncan solely represented Middleton at trial and solely filed a notice of appeal after the jury convicted Middleton. The record reflects that Handley solely filed the amended Rule 29.15 motion which included the ineffective assistance of trial counsel claims, solely argued the motion in an evidentiary hearing, and solely filed a notice of appeal on the denial of that motion. While this court consolidated the appeals and both Duncan and Handley's names appear on the consolidated brief, Middleton fails to show that Duncan represented Middleton in his post-conviction matters.[8] The United States District Court for the Western District of Missouri denied this same claim in Middleton's Petition for Writ of Habeas Corpus in that court and noted:

> Review of the record reveals that two attorneys signed petitioner's consolidated appellate brief; Robert G. Duncan, trial counsel, and Gerald M. Handley who represented petitioner during post-conviction proceedings. It is reasonable to presume trial counsel handled trial issues and post-conviction counsel handled the post-conviction review issue – i.e., ineffective assistance of trial counsel.

*Middleton v. Bowersox*, No. 95-01302-CV-W-GAF.

Further, Middleton provides no evidence that Duncan improperly and/or prejudicially influenced Handley in Handley's post-conviction representation and relies on the hope of an appearance of a conflict or collusive impropriety. In *Hutton v. State*, 345 S.W.3d 373, 376 (Mo.

---

[8]Middleton claims that Duncan argued Middleton's case before this court on consolidated appeal, putting Duncan in the "ethically untenable position of arguing his own ineffectiveness." As this case was heard twenty years ago, we have no proof of this and the "tape" that counsel suggested at oral argument that his client has verifying such was not provided to this court. Nevertheless, even if this were true, we cannot say that under the circumstances presented here, where the direct and 29.15 appeals were consolidated and the direct appeal contained six points and the 29.15 one, that Handley abandoned Middleton if Duncan did solely argue the case. The record reflects that the 29.15 claim was briefed with eight and half pages of the 60 page brief devoted to the 29.15 claim. Our review of *State v. Middleton*, 854 S.W.2d at 517-518, shows that this court fully considered that claim.

10

App. 2011), we discussed the proposition that conflicted counsel does not abandon his client unless the conflict causes the attorney to fail to do some act otherwise required by Rule 29.15. Without more, as we have previously determined that Handley did not abandon Middleton, we cannot conclude that Duncan's presence influenced Handley to abandon Middleton. Middleton, in effect, asks us to create a presumption of abandonment by 29.15 counsel if trial counsel stayed on as appellate counsel in a consolidated appeal, even where there is no proof that trial counsel participated in the 29.15 action. We decline to do so.[9]

We additionally note that Middleton's own affidavit, filed with his Motion to Reopen I in 2003, contradicts his present claims that "Handley was brought into the case shortly before the amended 29.15 motion was due to be filed at Mr. Duncan's behest so that Mr. Duncan could remain on the case as appellate counsel." The record shows that Middleton filed his *pro se* motion on September 9, 1991, and a public defender was appointed on September 24, 1991. The amended motion was due on or before November 25, 1991. The public defender entered an appearance on October 10, 1991. Middleton states in an affidavit dated August 29, 2001, that on October 23, 1991, Middleton's friend wrote a check for Handley's retainer. With regard to the reason Handley was retained, Middleton states that after he filed his *pro se* Rule 29.15 motion on the advice of another inmate and was appointed a public defender, no one from the Public Defender's office contacted him. He states that he "panicked" and asked Duncan to help him. Middleton states that "Duncan selected Gerald Handley and brought him into the case for that purpose."

---

[9]Although the pre-1996 version of Rule 29.15(l) states: "If a claim of ineffective assistance of counsel was presented in the motion, the attorney representing movant on the motion filed pursuant to this Rule 29.15 shall be the attorney on appeal for the consolidated case," we do not believe that this creates an automatic presumption of abandonment by 29.15 counsel where trial counsel stayed on as appellate counsel in the consolidated appeal.

Thus, Middleton's own affidavit indicates that Handley was not brought into the case just before the filing deadline so that Duncan could remain as appellate counsel, but because Middleton was apparently discouraged with his public defender and asked for a reference from Duncan. Middleton's affidavit indicates that it was his choice to pursue counsel other than the public defender, and there is no suggestion in Middleton's affidavit that Duncan influenced him in this regard or coerced him into hiring Handley. Without proof of some sort of inappropriate collusion, post-conviction counsel's acceptance of a referral from trial/appellate counsel does not amount to a conflict of interest or abandonment on the part of post-conviction counsel. Point three is denied.

In Middleton's fourth point on appeal, he contends that retained 29.15 motion court counsel committed a fraud upon the court by presenting a fraudulent verification to Middleton's amended 29.15 motion and coerced Middleton to participate in this fraudulent act which constituted abandonment of counsel. Middleton argues that the circuit court erred in denying his motion to reopen his Rule 29.15 action because Rule 74.06(d) explicitly gives courts the power to reopen judgments based upon fraud upon the court. We find no error.

In *Middleton v. State*, 200 S.W.3d 140, Middleton argued that because he was not given a copy of the amended Rule 29.15 motion prior to signing the verification, he was abandoned by counsel. Yet, Middleton signed the affidavit declaring that he had read the amended motion and that it listed all grounds for relief and acknowledged that he understood that he waived all grounds for relief not listed in the motion. *Id.* at 144. We previously held that Middleton was not abandoned by counsel with regard to the verification and stated that "we will not allow Middleton to complain of improper verification where his own conduct resulted in the verification being signed prior to the completion of the amended motion." *Id.* Similarly, we will

12

not allow Middleton to benefit from his own fraudulent conduct of signing a false affidavit that was ultimately filed with the court. Additionally, as discussed in point two, Middleton's post-conviction counsel filed a timely motion, was heard on that motion, and ultimately appealed the denial of that motion which was addressed on its merits by this court. Therefore, any claims Middleton believes could or should have been included in the amended motion are ineffective assistance of counsel claims and not claims of abandonment. Point four is denied.

We conclude, therefore, that the circuit court did not clearly err in denying Middleton's motion to reopen his Rule 29.15 proceeding. First, the State did not agree to reopen Middleton's Rule 29.15 proceeding when it drafted findings and conclusions that reflected the court's previously determined position. Second, Middleton was not abandoned by appointed or retained counsel. Third, there is no evidence in the record of a conflict of interest between trial and appellate counsel that constituted abandonment of counsel. Finally, Middleton's participation in a fraud upon the court does not warrant reopening his case and Middleton otherwise fails to prove that any potential fraud upon the court by counsel resulted in abandonment. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.