Steven CRENSHAW, Appellant,

v.

STATE of Missouri, Respondent.

No. SC88584.

Supreme Court of Missouri,
En Banc.

July 31, 2008.

As Modified Nov. 4, 2008.

Gwenda R., Robinson, Office of Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joshua N. Corman, Lisa M. Kennedy, Assistant Attorneys General, Jefferson City, MO, for respondent.

PATRICIA BRECKENRIDGE, Judge.

After Mr. Crenshaw's Rule 29.15 motion seeking post-conviction relief from his convictions for assault in the first degree and armed criminal action was overruled, his counsel did not file a notice of appeal. Upon Mr. Crenshaw's motion, the motion court found that post-conviction counsel had abandoned Mr. Crenshaw by failing to file a timely notice of appeal, and the motion court effectively reinstated its previous judgment overruling Mr. Crenshaw's Rule 29.15 motion. Mr. Crenshaw filed a timely appeal from the reentry of the judgment denying his motion. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

This Court affirms the judgment denying relief under Rule 29.15. Under this Court's precedent, the motion court had authority to entertain Mr. Crenshaw's motion to reopen the post-conviction proceedings on the basis of abandonment, and the judgment finding abandonment is subject to review for error. Since the motion court's conclusion that Mr. Crenshaw was abandoned need not be resolved to consider Mr. Crenshaw's appeal, however, the correctness of that finding is not reviewed by this Court. The sole issue resolved by this Court is whether the motion court erred in denying Mr. Crenshaw relief on his ineffective assistance of counsel claim.

This Court concludes that Mr. Crenshaw's ineffective assistance of counsel claim is without merit, and the motion court was correct to deny relief. Its judgment, therefore, is affirmed.

### Factual and Procedural Background

In May 2002, Mr. Crenshaw moved for post-conviction relief under Rule 29.15 for ineffective assistance of counsel. In January 2003, the motion court overruled his motion. No notice of appeal was filed. In March 2005, Mr. Crenshaw moved to reopen his post-conviction case on the ground of abandonment and, in June 2006, moved to set aside the motion court's judgment for lack of notice. In August 2006, the motion court found post-conviction counsel abandoned Mr. Crenshaw by failing to file a timely notice of appeal and effectively reentered its previous order overruling Mr. Crenshaw's motion, thereby permitting him to appeal. Mr. Crenshaw filed his notice of appeal on August 7, 2006. After opinion by the court of appeals, this Court granted transfer pursuant to Mo. Const. art. V, sec 10.

### Abandonment

■■■ Under this Court's precedents, the motion court has authority to consider a motion to reopen Rule 29.15 proceedings when it is alleged that a movant has been abandoned by his counsel. *See Edgington v. State*, 189 S.W.3d 703, 706 (Mo.App. 2006).[1] The precise circumstances, in which a motion court may find abandonment, are not fixed, see *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008), but in general abandonment is available "when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003). If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred.

■■■ The state argues that the motion court erred in concluding that Mr. Crenshaw was abandoned by his counsel because Mr. Crenshaw failed to plead a valid claim of abandonment and, therefore, the motion court lacked jurisdiction to sustain his motion to reopen the post-conviction proceedings and reinstate its previous order, thereby permitting him to appeal. Since the state asserts that jurisdiction is at issue, it argues that this matter can be raised for the first time on appeal and must be addressed first, before considering the merits of Mr. Crenshaw's ineffective assistance claims.

Whether a claim of abandonment is valid does not control the motion court's jurisdiction. It is not the result that determines jurisdiction, but the right of the court to consider the matter. As noted, a motion court has jurisdiction to adjudicate a movant's claim of abandonment by post-conviction counsel. Any mistake in adjudicating the claim is simply error. Since the state's claim that the trial court improperly found abandonment is not jurisdictional, the matter does not have to be considered before considering the merits of Mr. Crenshaw's appeal.

---

1. "The essential bases of a court's authority to adjudicate a controversy are its jurisdiction over the subject matter of the controversy and jurisdiction over the parties." *In re Marriage of Hendrix*, 183 S.W.3d 582, 587–88 (Mo. banc 2006).

Here, the motion court concluded that Mr. Crenshaw was abandoned by his post-conviction counsel when counsel failed to file his notice of appeal. To remedy this abandonment, the motion court effectively reinstated the findings of fact and conclusions of law originally filed, thus, restarting the time for Mr. Crenshaw to file his notice of appeal.[2] As such, Mr. Crenshaw's notice of appeal with respect to the reinstated findings is timely.

### Ineffective Assistance of Counsel

As to Mr. Crenshaw's underlying claim of ineffective assistance of counsel, this Court finds Mr. Crenshaw's claims to be without merit. Mr. Crenshaw was convicted of assault in the first degree and armed criminal action for shooting Darwin Beck. At trial, Mr. Beck identified Mr. Crenshaw as the shooter. Mr. Crenshaw presented an alibi defense, testifying that he spent the night of the shooting with a female friend. His female friend, who was not subpoenaed, did not appear at trial so she was not available to testify.

Mr. Crenshaw contends that the motion court erred in denying his claim that trial counsel was ineffective in two respects. He first asserts that trial counsel's failure to subpoena his female friend, whose testimony would have supported his alibi defense, was conduct that did not conform to the degree of professional skill and diligence of a reasonably competent attorney and that, absent this failure, there is a reasonable probability the outcome of his case would have been different. Second, Mr. Crenshaw asserts that trial counsel was ineffective in moving to continue his case without his approval.

In order to plead a claim for ineffective assistance of counsel, Mr. Crenshaw must allege facts showing that counsel's performance did not conform to the degree of professional skill and diligence of a reasonably competent attorney and that he was thereby prejudiced. *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997). To demonstrate prejudice, Mr. Crenshaw must allege facts showing a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Mr. Crenshaw argues that trial counsel's failure to subpoena and call his female friend to testify at trial constituted ineffective assistance of counsel. The evidence at the motion hearing was that trial counsel knew of the witness and located her. He spoke with her multiple times, and she agreed to testify. Trial counsel believed that she would do so because of her intimate relationship with Mr. Crenshaw. Because of the witness' assurance that she would appear at trial and testify, trial counsel did not subpoena her.

Trial counsel is not ineffective for failing to subpoena a witness to testify at trial if the conduct of the witness is such that trial counsel was reasonable in believing the witness would appear to testify without a subpoena. *State v. Norfolk,* 807 S.W.2d 105 (Mo.App.1990). The evidence in this case of the assurances of Mr. Crenshaw's female friend that she would appear at trial to testify, and her motivation to testify because of her relationship with

---

**2.** The time for filing the notice of appeal runs under the normal rules from the date of the filing of the reinstated findings.

Mr. Crenshaw, is sufficient to support the motion court's finding that trial counsel was not ineffective in failing to subpoena her as a witness. In addition, there is sufficient evidence to support the motion court's finding that the friend's testimony, at the motion hearing, was not credible and that Mr. Crenshaw was not prejudiced by her failure to testify because the jury was likely to believe her alibi testimony was perjured.

Mr. Crenshaw further claims that trial counsel was ineffective in moving for a continuance without Mr. Crenshaw's consent or knowledge. Mr. Crenshaw requested final disposition of his case within 180 days as provided for under the Uniform Mandatory Disposition of Detainers Law (UMDDL). Mr. Crenshaw asserts that, but for the continuance, the trial court would have been required to dismiss all charges against him at the time of trial for failure to dispose of his case within the 180–day period. Mr. Crenshaw claims that because he asserted his speedy trial rights under the UMDDL, it was unreasonable for trial counsel to move for a continuance without Mr. Crenshaw's approval. At the time of the continuance, however, Mr. Crenshaw had no counsel. Mr. Crenshaw did not qualify for representation by the public defender and had not hired an attorney himself. As such, there can be no assertion of ineffective assistance of counsel when no counsel moved for the continuance.

### Conclusion

This Court finds Mr. Crenshaw's claims of ineffective assistance of counsel are without merit and affirms the judgment denying relief under Rule 29.15.[3]

---

3. Since Mr. Crenshaw's claims of ineffective assistance of counsel are without merit and the judgment denying relief under Rule 29.15 is affirmed, the Court need not address whether the motion court erred in its finding that Mr. Crenshaw was abandoned.

STITH, C.J., PRICE, TEITELMAN, RUSSELL and WOLFF, JJ., and DANDURAND, Sp.J., concur.

FISCHER, J., not participating.