Bradley L. **BROWN**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent–Respondent.

No. SD 29369.

Missouri Court of Appeals, Southern District, Division One.

June 18, 2009.

Motion for Rehearing or Transfer Denied July 9, 2009.

Application for Transfer Denied Sept. 1, 2009.

Lisa M. Stroup, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Postconviction counsel for Bradley Brown (Brown) failed to file a timely notice of appeal after his Rule 29.15 motion was denied in May 2006.[1] In August 2008, Brown moved to reopen his postconviction proceedings on the ground that such inaction constituted abandonment. In September 2008, the motion court granted the motion and reissued its prior judgment denying Brown's claim for postconviction relief on the merits. Reversal is required because the motion court's ruling on the motion to reopen was clearly erroneous.

In February 2001, Brown was found guilty by a jury of possession of methamphetamine. As a prior and persistent drug offender, he was sentenced to 15 years imprisonment. *See* §§ 195.202, 558.011, 558.016, 557.036 RSMo (2000). In March 2002, this Court affirmed Brown's conviction and sentence on direct appeal via a per curiam order and unpublished opinion. *State v. Brown*, No. SD24222 (Mo.App. filed March 11, 2002). Brown filed a timely *pro se* motion for postconviction relief, and appointed counsel filed an amended motion. On May 12, 2006, the motion court entered a judgment denying Brown's

Rule 29.15 motion for postconviction relief.[2] For purposes of appeal, that judgment became final on June 12, 2006. *See* Rule 75.01; Rule 44.01(a); Rule 81.05(1)(a); *Lung v. State*, 179 S.W.3d 337, 339–40 (Mo.App.2005). Postconviction counsel failed to file a timely notice of appeal.

In August 2008, Brown filed a motion to reopen his postconviction proceedings. The motion alleged that Brown's postconviction counsel's failure to file a timely notice of appeal constituted abandonment. In September 2008, Brown's motion was granted. The court set aside the May 2006 judgment and reissued a new judgment denying Brown's Rule 29.15 motion. The new judgment reiterated the same findings of fact and conclusions of law as the prior judgment. The evident purpose of this procedure was to give Brown a new opportunity to appeal from the denial of his Rule 29.15 motion.

■ We review the ruling on the motion to reopen to determine whether it is clearly erroneous. *Gehrke v. State*, 280 S.W.3d 54, 56–57 (Mo. banc 2009). *Gehrke* controls the outcome of this appeal. There, the motion court denied movant's Rule 24.035 motion. Postconviction counsel failed to file a proper notice of appeal. *Gehrke*, 280 S.W.3d at 56. Movant filed a motion to reopen his postconviction proceeding on the ground that counsel's failure to perfect an appeal constituted abandonment. The motion court denied the motion. On appeal, the movant advocated an expansion of the doctrine of abandonment to include postconviction counsel's failure to properly file a notice of appeal, but our Supreme Court declined to do so. *Id.* at 58. The Court explained that post-

---

1. All references to rules are to the Missouri Court Rules (2009).

2. An order sustaining or overruling a Rule 29.15 motion is deemed a final judgment for purposes of appeal by the movant or the state. Rule 29.15(k).

conviction counsel's failure to perfect an appeal was more properly characterized as ineffective assistance of postconviction counsel, which is a categorically unreviewable claim. *Id.* A movant whose postconviction counsel fails to perfect an appeal can potentially obtain relief in a *habeas corpus* proceeding. *Id.* In short, the Court held that "it is unnecessary to expand the abandonment doctrine to include postconviction counsel's failure to file timely a notice of appeal after a motion court overrules a movant's postconviction motion. Accordingly, the actions of Mr. Gehrke's postconviction counsel did not constitute abandonment." *Id.* at 59.

█ In the case at bar, Brown's motion to reopen his Rule 29.15 proceeding alleged that he had been abandoned by postconviction counsel because she failed to timely file a notice of appeal. As *Gehrke* holds, counsel's inaction is not abandonment. The motion court's contrary ruling is clearly erroneous. In *Crenshaw v. State,* 266 S.W.3d 257 (Mo. banc 2008), our Supreme Court noted that a motion court has the authority to consider a motion to reopen a Rule 29.15 proceeding when it is alleged that a movant has been abandoned by postconviction counsel. *Id.* at 259. "If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Id.* It is apparent that the motion court relied upon *Crenshaw* in setting aside the May 2006 judgment and entering a new judgment in order to give Brown a second opportunity to appeal. Because Brown failed to prove abandonment by his postconviction counsel, the motion court also clearly erred in setting aside the May 2006 judgment. Unless abandonment is proven, a motion court lacks the authority to reopen an otherwise final postconviction case. *Taylor v. State,*

254 S.W.3d 856, 857–58 (Mo. banc 2008); *Spencer v. State,* 255 S.W.3d 527, 528–29 (Mo.App.2008); *Dudley v. State,* 254 S.W.3d 109, 111 (Mo.App.2008).

The September 2008 judgment is reversed. The cause is remanded with directions to vacate that judgment, reinstate the May 2006 judgment and enter an order denying Brown's motion to reopen his postconviction proceeding. Because of our disposition of this issue, we do not reach the merits of Brown's appeal.

BARNEY, J., and SCOTT, P.J., concur.